Ida D. Berry
vs.                    } No.62086
J. Bernard French

BAKER, J.    Heard    jury    trial
waived.

The plaintiff's declaration in this
case alleges that she is entitled to
recover from the defendant by way
of commission 15% of the sale price
of a certain picture. The first count
alleges this price to be $13,000, and
the second count, $15,000. Added to
these two counts are the common
counts.

The defence is a general denial.

The facts in the case show that the
plaintiff, who is more or less famil-
ial with art matters, lives in New
York. She became acquainted in a
social way with the defendant's wife
about a year before the transaction
in question took place. The defend-
ant, who lives in Bristol in this state,
was the owner of a valuable por-
trait which he desired to sell. Through
the    suggestion of his wife corres-
pondence was opened with the plain-
tiff. There is no question but what
the plaintiff did certain work in at-
tempting to   sell the picture, and in
particular interviewed Mr. Bryson
Burroughs, the curator of paintings
of the Metropolitan Museum of Art
in New York. Finally, the defendant's
wife went to New York and on as-
certaining certain facts, the defend-
ant terminated all business relations
with the plaintiff. About a month or
more thereafter, the defendant him-
self sold the picture to the Metropoli-
tan Museum of Art for the sum of
$13,000.

The    plaintiff contends that she
was employed by the defendant and
acted as a broker in this matter and
that, under the usage and customs
regulating the sale of pictures, such
as the one in question she is entitled
to a commission of 15%.

The law relating to brokers in this
state is clearly set out in the case
of Gross vs. Tillinghast, 35 R. I. 298,
and has been followed in a number of
decisions more recently rendered. Ap-
parently if the broker is the effective
agent in bringing about the sale; if
the sale is brought about through his
efforts or negotiations; or if he has
produced a purchaser who is able and
willing to purchase on terms satis-
factory to the seller, then he is en-
titled to his commission, even though
the   same    may    be finally consum-
mated through the instrumentality of
another person.

The plaintiff contends that the evi-
dence in this case shows that she
comes within this general rule. The
defendant, on the other hand, argues
that the facts in this case show clearly
that the plaintiff is not entitled to
any commission.

After    considering    all    the testi-
mony in the case carefully, the Court
is of the opinion that on the facts
and on the law the plaintiff is not
entitled to recover.

In the first place, the weight of the
testimony would tend to show that by
agreement and understanding between
the parties themselves the plaintiff
was not to hold the defendant liable
for any commission in case of a sale.
The first figure which the defendant
gave the plaintiff for the sale of the
portrait was $15,000 net to him.

It can not be disputed that the
early correspondence shows that the
defendant apparently hoped or ex-
pected that the plaintiff would be re-
imbursed in some manner for her ef-
forts, but as soon as the negotiations
progressed to any definite point, he
immediately inquired from the plain-
tiff as to whether or not she ex-
pected to collect any commission.
This appears clearly from his letter
of March 6, 1924, Plaintiff's Exhibit
E. In answer to this letter, the plain-
tiff replied, March 7. 1924. Defendant's
Exhibit 3, as follows: "You will not
pay any commission to me.    I will

try to get a little out of the buyer." In this connection see also the testimony of Mr. Burroughs (Depositions, pages 34 and 35). He states clearly that Mrs. Berry told him she did not expect any commission from Mr. French. Mr. Burroughs is disinterested as far as this proceeding is concerned and the Court believes that his testimony is entitled to the greatest weight and credence. He is a man holding a high position in the Metropolitan Museum of Art, and would have no reason or inducement, in the judgment of the Court, to tell other than the truth. In other words, the Court is of the opinion that the great preponderance of the testimony shows clearly that the plaintiff did not intend to charge the defendant any commission and that such was the agreement and understanding between them.

In the second place, the Court believes that the defendant was fully justified in discharging the plaintiff and terminating whatever relationship existed between them. The facts in the case show that during February and March the parties had considerable correspondence. About the middle of March the defendant's wife went to New York and, after ascertaining certain facts there, notified the defendant, who thereupon terminated his relations with the plaintiff.

A fair reading of the letters written by the plaintiff, in the Court's opinion, shows intentionally misleading statements, and the defendant acting on the strength of these was actually misled. For example, the statement made by the plaintiff to the defendant that she had an offer of $12,000 was entirely false. This offer the defendant accepted by tele-. gram, reasonably thinking it was the offer of a Mr. Burroughs, and on the strength thereof shipped the picture to New York. As a matter of fact, the evidence shows that the plaintiff never actually received an offer of any definite sum for the painting from the Metropolitan Museum of Art or anyone else. Further the statement that a friend of hers was to buy the picture and present it to the Museum was not true. Likewise, the statement that this friend was considering an historical portrait instead of the defendant's picture was not correct. These statements comprise only some of the misleading facts mentioned in her letters. Taking these into consideration, together with the fact that she attempted to get the defendant, through his wife, to fix the price of the picture as low as $9,000 or $10,000, and statements made to the defendant's wife in New York, and statements that the picture had been offered to several museums, together with all the other acts, as shown in the testimony, of which these are only some, leads the Court to believe that the defendant was fully justified in terminating the relationship.

It is clear from the testimony that the plaintiff knew that she could collect no commission from the Metropolitan Museum of Art. She also realized that she was not in a position to collect a commission from the defendant, and that being so, the only way she could get remuneration for her services would be to get the Museum to buy at as high a price as possible and force the defendant to sell at a price lower than this, thereby enabling her to retain the difference. It is clear in the mind of the Court that she was working in this matter more for her own interest than she was for the interest of the defendant.

The fact that a principal can terminate an agency before the commission is earned has been recognized in this state.

McElroy vs. Carney, 124 Atl. 98.

The case of Hurley vs. Randall,

111 Atl. 530, bears some resemblance to the case at bar although it is not entirely similar.

The law seems well settled that a broker must act in good faith and in the interest of his principal, and must keep him informed of all material facts affecting his interest which come to the broker's knowledge. If he does not act in good faith, or if he conceals material facts, or if there is fraud, then he is not entitled to his commission.

C. J., Vol. 9, pages 536 to 539, and 566 to 568;

Sibbald vs. Bethlehem Iron Co., 83 N. Y. 378;

Cadigan vs. Crabtree, 186, Mass. 7;

Ebert vs. Haskell, 217 Mass. 209.

On all the facts and the evidence, therefore, the Court is of the opinion that the plaintiff in this case so conducted herself that the defendant was justified in terminating the relationship that existed between them and that she is not entitled to any commission.

The foregoing reasons seem to the Court to apply as much to the common counts contained in the plaintiff's declaration as to the counts which specifically allege that a commission is due.

Decision for the defendant.